# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GRUNWALD,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>Respondent. | Case No. 8:19-cv-02043-DSF (AFM)<br><br>**ORDER TO SHOW CAUSE WHY PETITITION SHOULD NOT BE DISMISSED AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Petitioner filed this petition for writ of habeas corpus on October 19, 2019.[1] From the face of the petition, it appears to be barred by the one-year period of limitation set forth in the AEDPA. *See* 28 U.S.C. § 2244(d)(1); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court may *sua sponte* consider the timeliness of a state prisoner's habeas corpus petition).

---

[1] Although the petition was filed by the Clerk's Office on October 22, 2019, Petitioner is entitled to the benefit of the "mailbox rule," pursuant to which his petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In this case, the Court assumes that Petitioner handed his petition to the proper prison official on the date he signed it.

## The Statute of Limitation

State prisoners have a one-year statutory period to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period commences on the latest of four dates designated by statute:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the statute of limitation begins to run on the date a petitioner's conviction became final. 28 U.S.C. 2244(d)(1)(A). Here, Petitioner was convicted on January 18, 2011 and sentenced on July 11, 2011. (ECF No. 1 at 1.) The California Court of Appeal affirmed his conviction on January 11, 2013 and, on April 10, 2013, the California Supreme Court denied review. (ECF No. 1 at 3.) Petitioner's conviction became final ninety days later – that is, on July 9, 2013 –when the time for filing a petition for a writ of certiorari in the United States Supreme Court elapsed. *See Brown v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Consequently, absent tolling, the one-year limitation period expired one year later on July 9, 2014. *Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Petitioner does not allege, and nothing suggests, that a state-created impediment prevented him from filing a petition raising his claim nor does his claim

rely upon a factual predicate that could not have been discovered earlier with the exercise of due diligence. Thus, neither 28 U.S.C. § 2244(d)(1)(B) nor 28 U.S.C. § 2244(d)(1)(C) apply. However, in light of his reliance on the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), it is possible that Petitioner contends he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(C). (*See* ECF No. 1 at 4, 13-18.)

In *Descamps*, the Supreme Court considered when and how a prior state conviction can trigger a harsher sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(e), and held that "sentencing courts may not apply the modified categorical approach" to determine whether the prior conviction qualifies as a predicate offense under the ACCA when the prior crime "has a single, indivisible set of elements." *Descamps*, 570 U.S. at 258. Even assuming *Descamps* applies to Petitioner,[2] it does not have any effect on the date the statute of limitation began to run.

To begin with, *Descamps* involves statutory interpretation; it did not establish a new rule of constitutional law. *See Ezell v. U.S.*, 778 F.3d 762, 766 (9th Cir. 2015) ("[E]ven if the Supreme Court did announce a new rule in Descamps, that rule is not constitutional."); *Jones v. McGrew*, 2014 WL 2002245, *5 (C.D. Cal. May 15, 2014) (*Descamps* did not announce a new rule of constitutional law). Further, even assuming *arguendo* that *Descamps* announced a newly recognized constitutional right, that right has not been made "retroactively applicable to cases on collateral review." *See Brock v. Davis*, 2015 WL 11070281, at *4 (C.D. Cal. Aug. 21, 2015) (citing cases), *report and recommendation adopted*, 2016 WL 3436371 (C.D. Cal. June 15, 2016). As a result, *Descamps* does not entitle Petitioner to a later starting date under the AEDPA. *See Corte Deon Banks v. Sherman*, 2019 WL 4749903, at *3 (C.D. Cal. Sept. 30, 2019) (reliance on Descamps did not entitle petitioner to a

---

[2] As set forth above, *Descamps* involved sentencing under the ACCA and does not appear to have any application to Petitioner, who was sentenced under California law.

delayed accrual date under 28 U.S.C. § 2244(d)(1)(C) because *Descamps* is not a new rule of constitutional law); *Depina v. Muniz*, 2016 WL 8735719, at *2 (C.D. Cal. Nov. 14, 2016) (same), *report and recommendation adopted*, 2016 WL 8738145 (C.D. Cal. Dec. 16, 2016).

Indeed, even if *Descamps* could trigger a new start date under § 2244(d)(1)(C), it would not help Petitioner. *Descamps* was decided on June 20, 2013 – prior to the date on which Petitioner's conviction became final (July 9, 2013). Thus, it does not result in a later starting date for purposes of calculating the date the statute of limitation expired.

Based upon the foregoing, Petitioner had to July 9, 2014 to file his federal petition. This petition, however, was not filed until October 19, 2019, more than five years after the limitation period expired.

Statutory Tolling

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). *See Carey v. Saffold*, 536 U.S. 214, 218-219 (2002). According to the petition, however, Petitioner did not file any petition in state court until sometime in 2018, long after the limitation period expired. (ECF No. 1 at 4.) Such petitions cannot toll the already expired limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Equitable Tolling

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). None of Petitioner's allegations suggest that an extraordinary

circumstance prevented him from timely raising his claims or that Petitioner acted diligently during the six years after his conviction became final. *See, generally*, *Pineda v. Valenzuela*, 2015 WL 4537271, at *8 (C.D. Cal. June 3, 2015) (petitioner failed to demonstrate requisite diligence because he "did nothing" for six years, notwithstanding his explanation that he spent those years adjusting to prison and searching for a jailhouse lawyer to assist him), *report and recommendation adopted*, 2015 WL 4549208 (C.D. Cal. July 27, 2015).

Appointment of Counsel

In a letter attached to his petition, Petitioner apparently requests that the Court appoint counsel. (*See* ECF No. 1 at 24.) Courts may appoint counsel for state habeas petitioners who are or become unable to afford counsel when "the interests of justice so require." 28 U.S.C. § 2254(h); *see* 18 U.S.C. § 3006A(a)(2). Generally, appointment of counsel is required when the court determines that counsel is "necessary for effective utilization of discovery procedures" or when an evidentiary hearing is required. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

At this time, there is no basis to conclude that discovery or an evidentiary hearing is necessary in this case. Moreover, based upon the Court's review of the record, it does not appear that the interests of justice require the appointment of counsel. Accordingly, Petitioner's request is **denied without prejudice**.

\* \* \*

For the foregoing reasons, Petitioner is ordered to show cause why the petition should not be dismissed as untimely by filing a response on or before **November 27, 2019**. The response shall indicate whether and when Petitioner filed any other petitions challenging his conviction in the state court. If Petitioner contends that he is entitled to a later date of accrual (*i.e.*, that unconstitutional state action prevented him from timely filing a petition or that he could not have discovered the factual predicate of his claims until a certain date after his conviction became final) or that

he is entitled to equitable tolling, Petitioner must describe specifically the nature and duration of any circumstances which Petitioner believes impeded his ability to timely file his petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, *see* 28 U.S.C. §1746, or in properly authenticated documents.

Finally, Petitioner is cautioned that failure to timely file a response to this order may result in the dismissal of this petition as untimely or for failure to prosecute.

**It is so ordered.**

DATED: 10/29/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE